People v Quesada (2019 NY Slip Op 08221)





People v Quesada


2019 NY Slip Op 08221


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-05005
 (Ind. No. 4723/91)

[*1]The People of the State of New York, respondent,
v
Mario Quesada, appellant.


Tseitlin & Glas, P.C., New York, NY (Alexandra Tseitlin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from so much of an order of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), dated March 16, 2018, as amended March 20, 2018, as denied that branch of his motion which was for leave to renew his prior motion pursuant to CPL 440.10 to vacate a judgment of the same court (Michelle Weston Patterson, J.) rendered December 10, 1991, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence, which had been denied in an order of the same court (Vincent M. Del Giudice, J.) dated October 30, 2017.
ORDERED that the order dated March 16, 2018, as amended March 20, 2018, is affirmed insofar as appealed from.
On December 10, 1991, the defendant was convicted, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree. In 2017, he moved pursuant to CPL 440.10 to vacate the judgment of conviction. The defendant argued, inter alia, that his counsel had failed to advise him of the immigration consequences of his conviction at the time of the plea. The Supreme Court denied the motion in an order dated October 30, 2017. The court determined that Padilla v Kentucky (559 US 356), the landmark 2010 case in which the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires criminal defense counsel to advise noncitizen clients about the risk of deportation arising from a plea of guilty, was decided after the defendant's conviction became final and was not retroactive.
The defendant thereafter moved, inter alia, for leave to renew his prior motion pursuant to CPL 440.10. He contended that his counsel had affirmatively misadvised him of the immigration consequences of his conviction at the time of the plea. In an order dated March 16, 2018, as amended March 20, 2018, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for leave to renew. The defendant was granted leave to appeal from so much of the order dated March 16, 2018, as amended March 20, 2018, as denied that branch of his motion which was for leave to renew his prior motion.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), "or may, in the [trial court's] [*2]discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Matter of Arline J. [James J.—Falasco], 174 AD3d 604, 607 [internal quotation marks omitted]). In either instance, the motion "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew his prior CPL 440.10 motion. The defendant's allegation that his counsel had affirmatively misadvised him of the immigration consequences of his conviction at the time of his plea contradicted the allegations he made in connection with the prior motion. The defendant knew or should have known that this purported new evidence existed at the time he made the prior motion, and he provided no justification for the failure to present this allegation in the first instance. Moreover, he did not provide any other new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e]).
The defendant's remaining contentions are not properly before this Court.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court